[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11736

Non-Argument Calendar

_____

JAVIER RAMIREZ HERNANDEZ,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A216-371-185

_____

Before JORDAN, LAGOA, and MARCUS, Circuit Judges.

PER CURIAM:

Javier Ramirez-Hernandez[1] seeks review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). He argues that: (1) the BIA erred in affirming the IJ's decision to deny his application for asylum because the IJ, among other things, made an unsupported adverse credibility finding, relied upon a legally erroneous presumption, and failed to adequately consider country conditions evidence; and (2) the BIA erred in affirming the IJ's denial of CAT protection, because it failed to adequately address the IJ's conclusions about the evidence in the record.[2] After careful review, we deny the petition.

## I.

We review the BIA's decision as the final judgment, but where the BIA expressly adopted the IJ's decision or agreed with its

---

[1] The record refers to the petitioner's surname as both "Ramirez Hernandez" and "Ramirez-Hernandez."

[2] We do not address whether the BIA erred in determining that Ramirez-Hernandez was ineligible for withholding of removal because he abandoned that issue on appeal by not raising it in his initial appellate brief. *See United States v. Campbell*, 26 F.4th 860, 871 (11th Cir.) (en banc), *cert. denied*, 143 S. Ct. 95 (2022) ("[I]ssues not raised in the initial brief on appeal are deemed abandoned.").

reasoning, we review both decisions. *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016). We do not consider issues that were not reached by the BIA. *Id.* Generally, courts and agencies need not make findings on issues if those findings are unnecessary to the results they reach. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976). Further, issues not briefed to us are deemed abandoned. *Campbell*, 26 F.4th at 871; *Ruga v. U.S. Att'y Gen.*, 757 F.3d 1193, 1196 (11th Cir. 2014).

"A petitioner contesting a final order of removal must exhaust the administrative immigration process before he may be heard in federal court." *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 866 (11th Cir. 2018). "[F]ailure to raise an issue to the BIA constitutes a failure to exhaust." *Id.* Exhaustion under the Immigration and Nationality Act ("INA") is not jurisdictional, but it nonetheless must be enforced when a party asserts it. *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023) (citing *Santos-Zacaria v. Garland*, 598 U.S. 411 (2023)).

In a petition for review of a BIA decision, we review legal conclusions *de novo*. *Perez-Zenteno v. U.S. Att'y Gen.*, 913 F.3d 1301, 1306 (11th Cir. 2019). Whether an asserted group qualifies as a particular social group under the INA is a question of law. *Id.* For legal determinations, we defer to the agency's reasonable determination of ambiguous statutory terms. *Id.*

We review the agency's factual findings, including adverse credibility determinations, for substantial evidence. *Lyashchynska v. U.S. Att'y Gen.*, 676 F.3d 962, 967 (11th Cir. 2012). Under this

standard, we view the evidence in the light most favorable to the agency's decision, draw all reasonable inferences in favor of that decision, and affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole. *Id.; Perez-Zenteno*, 913 F.3d at 1306. To reverse the factual findings, we must find that the record compels reversal. *Lyashchynska*, 676 F.3d at 967. "The trier of fact must determine credibility, and [we] may not substitute [our] judgment for that of the BIA with respect to credibility findings." *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 818 (11th Cir. 2014).

We review the BIA's factual determinations for the denial of CAT relief under the substantial evidence standard, where we will reverse the BIA only where the record compels it. *Edwards v. U.S. Att'y Gen.*, 56 F.4th 951, 966 (11th Cir. 2022).

A noncitizen's credible testimony may be sufficient to sustain the burden of proof without corroboration. 8 U.S.C. § 1158(b)(1)(B)(ii). Conversely, "the IJ's [or BIA's] extremely detailed adverse credibility determination alone may be sufficient to support" the denial of an asylum seeker's application. *D-Muhumed*, 388 F.3d at 818–19; *see also Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1231 (11th Cir. 2006) (stating that "[a]n IJ's denial of asylum . . . can be supported solely by an adverse credibility determination"). In assessing the credibility of an applicant's testimony, the IJ should consider the totality of the circumstances. 8 U.S.C. § 1158(b)(1)(B)(iii).

To be considered an adverse credibility determination, the IJ or BIA must state explicitly that the applicant's testimony was

not credible.  *See Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005).  Further, "the IJ [or BIA] must offer specific, cogent reasons for an adverse credibility finding." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005); *see also Chen*, 463 F.3d at 1231. The agency may rely on any inconsistency, regardless of its relevance to the applicant's claim, to support an adverse credibility finding.  *Chen*, 463 F.3d at 1233.  An applicant's omissions can be used as evidence to support an adverse credibility finding.  *See Xia v. U.S. Att'y Gen.*, 608 F.3d 1233, 1240 (11th Cir. 2010).

Once the IJ or BIA has offered specific and cogent reasons, the burden shifts to the applicant to show that the IJ's or BIA's credibility decision "was not supported by specific, cogent reasons or was not based on substantial evidence." *Chen*, 463 F.3d at 1231 (citing *Forgue*, 401 F.3d at 1287).  However, an applicant's explanation for omissions or inconsistencies must *compel* the conclusion that he is credible.  *Shkambi v. U.S. Att'y Gen.*, 584 F.3d 1041, 1051 (11th Cir. 2009).  This means that an applicant's provision of tenable explanations for aspects of his claim that the agency found incredible may not compel the reversal of the credibility finding, especially in the absence of corroborating evidence.  *Chen*, 463 F.3d at 1233.  The weaker an applicant's testimony, the greater the need for corroborative evidence.  *Li Shan Chen v. U.S. Att'y Gen.*, 672 F.3d 961, 964 (11th Cir. 2011).  "[T]he mere fact that the record may support a contrary finding is not enough to justify a reversal of the finding." *Xia*, 608 F.3d at 1239–41 (quotations omitted and alterations accepted) (holding that an adverse-credibility determination was supported where the applicant's testimony "included at least one

internal inconsistency (how old she was when she had the abortion) and one omission (identifying data on the abortion operations certificate)" and where the petitioner did not provide corroborating evidence that would have rebutted these inconsistencies and omissions).

## II.

First, we are unpersuaded by Ramirez-Hernandez's claim that the BIA erred in determining that he was not eligible for asylum. An applicant for asylum must prove that he is a "refugee" as defined by statute. 8 U.S.C. § 1158(b)(1)(A). A "refugee" includes any person who is unwilling to return to, and is unable or unwilling to avail himself of the protection of, the country of his nationality or where he last habitually resided, because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). The applicant bears the burden of proving qualification as a refugee. 8 U.S.C. § 1158(b)(1)(B)(i); *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1351 (11th Cir. 2009).

"To establish asylum based on past persecution, the applicant must prove (1) that []he was persecuted, and (2) that the persecution was on account of a protected ground." *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1236 (11th Cir. 2006). We've indicated that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that [m]ere harassment does not amount to persecution." *Sepulveda U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (quotations

omitted). An applicant must also establish a nexus between the feared persecution and a protected ground by demonstrating that one of the enumerated grounds was or will be at least one central reason for persecuting him. 8 U.S.C. § 1158(b)(1)(B)(i). "[E]vidence that either is consistent with acts of private violence . . . , or that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1258 (11th Cir. 2006). Additionally, "[a]n applicant for asylum who alleges persecution by a private actor must prove that his home country is unable or unwilling to protect him." *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 950 (11th Cir. 2010).

An applicant who cannot demonstrate past persecution also has the burden of showing that it would be unreasonable for the noncitizen to relocate in the home country, unless the persecution is by the government or is government-sponsored. 8 C.F.R. § 208.13(b)(3)(ii).

Here, substantial evidence supports the IJ's decision to deny Ramirez-Hernandez's asylum application and the BIA's decision to affirm. For starters, the IJ and BIA found that Ramirez-Hernandez was not entitled to relief because he did not testify credibly, and the agency provided specific and cogent reasons for its adverse credibility finding. *Forgue*, 401 F.3d at 1287. Specifically, the BIA based its affirmance of this finding on Ramirez-Hernandez's omission from his asylum application of two major instances of alleged harm he suffered in Mexico -- being robbed by police officers and being

the victim of an attempted robbery at the factory where he worked -- that he later testified about before the IJ.  Under our case law, these kinds of omissions may be used to support an adverse credibility finding.  *See Xia*, 608 F.3d at 1240.

Moreover, once the agency provided specific and cogent reasons for this finding, the burden shifted to Ramirez-Hernandez to prove that the finding was not supported by substantial evidence or based on specific and cogent reasons.  *Chen*, 463 F.3d at 1231.  His explanation for the omission of these events from his application was his belief that they were not "necessary" because they had occurred so long ago.  However, his explanation does not account for why he then thought it necessary to discuss the incidents in front of the IJ, because it is similarly plausible that he was attempting to embellish his claim during his testimony.  In other words, we cannot say that his explanation "compels" the conclusion that he testified credibly, especially without any corroborating evidence.  *See Shkambi*, 584 F.3d at 1051 ("Although Shkambi offered his fear as an explanation for these omissions and inconsistencies, that explanation does not compel a conclusion that Shkambi was credible."); *Chen*, 463 F.3d at 1233 ("[W]hile Chen's explanations of the implausible aspects of his claim are tenable, we cannot say, especially given the relative lack of corroborating evidence, that these explanations would compel a reasonable fact finder to reverse the IJ's credibility determination.").  And because Ramirez-Hernandez's testimony was his primary form of evidence, the BIA's affirmance of the finding that he was not credible was

sufficient to support the agency's denial of his asylum claim. *See Chen*, 463 F.3d at 1231.

It's also worth noting that Ramirez-Hernandez did not meet his burden of proof for asylum for other reasons as well -- namely, he failed to prove past persecution or a well-founded fear of future persecution. As we've explained, to establish past persecution, a petitioner must show, among other things, a nexus between the feared persecution and a protected ground, and, in cases of persecution by a private actor, that his home country is unable or unwilling to protect him. In this case, the BIA denied Ramirez-Hernandez relief on the ground that he did not challenge *two* dispositive bases for the IJ's finding of no past persecution -- (1) the IJ's finding that his evidence failed to show a nexus between his alleged persecution and his proposed protected grounds, because his evidence showed only "common criminal acts" motivated by money rather than any protected ground; and (2) the IJ's finding that his failure to alert the Mexican authorities of his alleged persecution resulted in an insufficient amount of evidence that his home country was unable or unwilling to protect him. *See Ayala*, 605 F.3d at 950; *Ruiz*, 440 F.3d at 1258. Indeed, Ramirez-Hernandez's appeal to the BIA argued only that his proposed social groups were legally cognizable, which addresses only *one* of the several showings he was required to make.

Because Ramirez-Hernandez did not challenge both of the IJ's dispositive findings as to his past persecution claim, that claim is unexhausted. *See Bing Quan Lin*, 881 F.3d at 866. Further, the

government raised this exhaustion issue in its briefing to us, which means that Ramirez-Hernandez's past persecution claim is outside of our scope of review.[3] *See Kemokai*, 83 F.4th at 891.

Nor did the BIA err in affirming the IJ's finding that Ramirez-Hernandez failed to prove a well-founded fear of future persecution. Again, an applicant who cannot demonstrate past persecution has the burden of showing that it would be unreasonable for the noncitizen to relocate in the home country, unless the persecution is by the government or is government-sponsored. 8 C.F.R. § 208.13(b)(3)(ii). Because Ramirez-Hernandez failed to sufficiently prove past persecution, and because his only claim of government-sponsored persecution was properly disposed of by the adverse-credibility finding, he bore the burden of proving that it would be unreasonable for him to relocate within Mexico. Yet Ramirez-Hernandez testified that his brother owned a ranch in a part of Mexico different from his hometown, and he provided no evidence to sufficiently prove that he could not reasonably relocate there or elsewhere within Mexico. Thus, the record does not compel reversal

---

[3] Ramirez-Hernandez's petition also fails to the extent he argues that the IJ based its past persecution decision on a now-vacated decision, *Matter of A-B-*, 27 I. & N. Dec. 316 (2018), *vacated by Matter of A-B-*, 28 I. & N. Dec. 307 (2021). First, he did not make this argument to the BIA, and thus failed to exhaust that claim. The government raised exhaustion of this issue, so that issue is outside of our scope of review. Second, the BIA did not cite to or otherwise rely upon the challenged legal authority in its affirmance of the IJ's finding of no past persecution, and the bases it did articulate are sufficient to sustain its affirmance. We may only review the bases relied upon by the BIA, not those articulated exclusively by the IJ. *Gonzalez*, 820 F.3d at 403.

as to his asylum claim on any of the grounds he put forth. *See Lyashchynska*, 676 F.3d at 967. Accordingly, we deny the petition as to this issue.

## III.

We are also unconvinced by Ramirez-Hernandez's claim that the BIA erred in affirming the IJ's denial of CAT protection. To be eligible for CAT relief, an applicant must meet a higher burden of proof than for asylum eligibility and show that he will more likely than not be tortured if he returned to the designated country of removal. 8 C.F.R. § 1208.16(c)(2); *Lingeswaran v. U.S. Att'y Gen.*, 969 F.3d 1278, 1293 (11th Cir. 2020). Torture is defined as severe pain and suffering and must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1); *see Reyes-Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1242 (11th Cir. 2004).

In assessing an applicant's eligibility for CAT protection, we consider all evidence "relevant to the possibility of future torture," which includes "(1) whether the applicant has experienced past torture; (2) whether []he could avoid future torture by relocating within the country; and (3) evidence about wider country conditions, including whether there have been gross, flagrant or mass violations of human rights in the country." *K.Y. v. U.S. Att'y Gen.*, 43 F.4th 1175, 1181 (11th Cir. 2022), *cert. denied sub nom. K. Y. v. Garland*, 143 S. Ct. 2506 (2023). While all relevant evidence is to be considered, "[t]he evidence must demonstrate that the applicant

will be *specifically* and *individually* targeted for torture." *Id.* The burden to show an individualized risk of torture means that "evidence of generalized mistreatment and some isolated instances of torture" is insufficient on its own to qualify for CAT protection. *Jean-Pierre v. U.S. Att'y Gen.*, 500 F.3d 1315, 1324 (11th Cir. 2007).

Here, substantial evidence supports the BIA's conclusion that Ramirez-Hernandez failed to establish eligibility for CAT relief. Based on the agency's adverse credibility finding -- that we've already affirmed -- the record contains no evidence that he faces a particularized and individualized risk of torture upon returning to Mexico. *See K.Y.*, 43 F.4th at 1181. Instead, Ramirez-Hernandez relies upon country conditions information and evidence of general conditions and isolated instances of torture in Mexico. But this evidence, by itself, is insufficient to prove his eligibility for CAT protection, because it is not individualized to him. *See Jean-Pierre*, 500 F.3d at 1324. Accordingly, we deny the petition as to this issue as well.

**PETITION DENIED.**